UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MAURICE CAMPBELL,            )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. 1:07-CV-21-TCM
                             )
CHRISTY CLINTON, et al.,     )
                             )
          Defendants.        )

## ORDER AND MEMORANDUM

This matter is before the Court upon receipt of plaintiff's payment of the $350 required filing fee, in accordance with this Court's Order of February 14, 2007 [Doc. #4].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Southeastern Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Christy Clinton (classification caseworker assistant), C. Dowdy (acting functional unit manager), Laura Vance (superintendent/section head), Steve Long (assistant director), Troy Steele (superintendent), and Steve Dominque (acting associate superintendent).

A review of the instant complaint indicates that although plaintiff may be able to assert non-frivolous claims for violations of his constitutional rights, plaintiff has failed to allege specific facts as to any of the named defendants. Rather than briefly setting forth the facts as to how each defendant violated his federally-protected rights, plaintiff generally states that he was "expos[ed] to extremely cold conditions during the entire winter season of 2005 and 2006." Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the

Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims, but also the facts supporting his claims as to each named defendant.

Taking into consideration the fact that plaintiff is proceeding pro se, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only complaint that this Court will review.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint in federal court.[1] Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action, plaintiff must write the name of each and every defendant he wishes to sue; and in the "Statement of Claim," he shall set forth as to each

---

[1] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

defendant who is named in the "Caption" the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated.  If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim."  Plaintiff is advised that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in dismissal of this action, without prejudice.  <u>See Edgington v. Missouri Department of Corrections</u>, 53 F.3d 777, 779 (8th Cir. 1995).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2007.