# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MAURICE CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 1:07cv0021TCM |
| CHRISTY CLINTON, et al, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on the motion of the four served defendants, Christy Clinton ("Clinton"), C. Dowdy ("Dowdy"), Steve Long ("Long"), and Troy Steele ("Steele") to dismiss the allegations against them for failure to state a claim, see Fed.R.Civ.P. 12(b)(6), and to dismiss the claims against them in their official capacity for lack of subject matter jurisdiction, see Fed.R.Civ.P. 12(b)(1). For the reasons set forth below, this motion will be denied in part and granted in part.

## Background

In his amended complaint, plaintiff Maurice Campbell ("Campbell") seeks monetary, declaratory, and injunctive relief from alleged violations of his constitutional rights while incarcerated at the Southeast Correctional Center ("SECC"). (Compl.[1] ¶¶ 29-35.) His claims against the four movants are brought in their individual and official capacities: (1) Clinton is responsible for investigating prisoner complaints; (2) Dowdy is the acting functional unit manager; (3) Long is the assistant director of the Division of Adult Institutions; and (4)

---

[1]References to "Compl." are to the amended complaint.

Steele is the SECC superintendent and is in charge of supervising and disciplining SECC staff.

Plaintiff's factual allegations against these movants are that, after he "filed multiple complaints" about the conditions of confinement and staff abuse at SECC, he was given a Hobson's choice[2] of being placed in a cell with a known dangerous homosexual or being placed in a cold cell. (Id. ¶¶ 8, 12.) His placement in this cold cell exposed Plaintiff to noise pollution, extreme cold, and dust which severely irritated his allergies. (Id. ¶ 13.) He was also denied a seasonal change of clothing, which contributed to "debilitating arthritic pain." (Id. ¶ 14.) Specifically, Plaintiff suffers from severe allergic reactions and from chronic rheumatoid arthritis with multiple fractures to different joints; these fractures are aggravated by exposure to extreme temperatures. (Id. ¶ 9.) Additionally, Clinton prevented Plaintiff from seeking medical treatment after Plaintiff "declared a medical emergency" pursuant to institutional policy. (Id. ¶ 10.) Plaintiff complained to Long; Long replied that he (Plaintiff) had been issued adequate clothing and blankets. (Id. ¶ 18.)

In their motion to dismiss, Defendants argue that they have a prescribed method of regulating cell temperatures and they provide inmates with seasonally appropriate clothing. Also, they gave Plaintiff additional clothing and blankets. Defendants further argue that Plaintiff does not allege any significant injury from his placement and that it was his choice, not retaliation, that he be placed in a cold cell.

---

[2]"Thomas Hobson (1544-1631) was an English liveryman whose historical repute (or perhaps ignominy) stems from his method of forcing his customers to choose either the horse closest to the door or no horse at all." **In re Atlas Van Lines, Inc.**, 209 F.3d 1064, 1067 n. 2 (8th Cir. 2000).

## Discussion

Issues of sovereign immunity raise a jurisdictional issue that should be presented in a Rule 12(b)(1) motion. **Hagen v. Sisseton-Wahpeton Comty. Coll.**, 205 F.3d 1040, 1043 (8th Cir. 2000) (citing Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995)). An argument that the allegations fail to state a claim on which relief can be granted should be presented in a Rule 12(b)(6) motion. Fed.R.Civ.P. 12(b)(6). Such a motion should be granted "'only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief.'" **Katun Corp. v. Clarke**, 484 F.3d 972, 975 (8th Cir. 2007) (quoting Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir. 2006)). Under this standard, "[t]he court assumes as true all factual allegations in the complaint"; however, "'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'" **Levy v. Ohl**, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)) (alteration added).

Rule 12(b)(1). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" **Kentucky v. Graham**, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978)) (alteration added). Moreover, "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as Eleventh Amendment." **Id.** at 167 (alteration added). "[S]tate officials may be sued in their official capacities[, however,] for prospective injunctive relief

without violating the Eleventh Amendment[.]" **Monroe v. Arkansas State Univ.**, 495 F.3d 591, 594 (8th Cir. 2007) (alterations added).

The only prospective injunctive relief sought by Plaintiff is an order directing Defendants "to cease and desist from transferring [P]laintiff or anyone who has helped [P]laintiff in their submissions or affidavits or the preparations and presentation of pleadings on his behalf in connection with this cause and action." (Compl. ¶ V.)

This prayer for relief does not arise from the factual allegations in the complaint. Consequently, the Court finds it an insufficient basis on which to deny Defendants sued in their official capacity the protection of the Eleventh Amendment. Plaintiff's claims against Clinton, Dowdy, Long, and Steele in their official capacities are dismissed.

Rule 12(b)(6). Plaintiff first alleges that movants retaliated against him. Movants argue that these allegations fail to state a claim and, regardless, they are entitled to qualified immunity.

"'Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason.'" **Nei v. Dooley**, 372 F.3d 1003, 1007 (8th Cir. 2004) (quoting Cody v. Weber, 256 F.3d 764, 770-71 (8th Cir. 2001)). "To be actionable, the retaliatory conduct itself need not be unconstitutional because the constitutional violation lies in the intent to impede access to the courts." **Id.**

Plaintiff alleges he was placed in a "cold cell" in retaliation for filing complaints against the SECC staff. This states a § 1983 claim. Moreover, the right not to be retaliated against for filing a complaint "is a clearly established constitutional . . . right of which a

reasonable person would have known" in 2006.  **Pagels v. Morrison**, 335 F.3d 736, 739-40 (8th Cir. 2003) (alteration added).  See also **Kahle v. Leonard**, 477 F.3d 544, 549 (8th Cir. 2007) ("Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").  Thus, based on Plaintiff's allegations, the four movants are not entitled to qualified immunity on his retaliation claims.[3]

Plaintiff also alleges that his placement in a cold cell without adequate clothing and blankets aggravated his arthritis, causing him pain, and that he was denied medical treatment for his pain.

"To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of 'the minimal civilized measure of life's necessities' and 'offending conduct [that is] wanton.'"  **Key v. McKinney**, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)) (alteration in original).  Thus, "a prison official violates the Eighth Amendment by being deliberately indifferent . . . to conditions posing a substantial risk of serious future harm."  **Weaver v. Clarke**, 45 F.3d 1253, 1255 (8th Cir. 1995) (alteration added).

Movants argue that Plaintiff had appropriate clothing and blankets and that the temperature in his cell was controlled with an automated heating system that complies with regulations for commercial buildings.  These are not Plaintiff's allegations, however, but are

---

[3]The Court finds that movants' argument that Plaintiff choose to be placed in a cold cell is unavailing because (a) the merits of the motion to dismiss must be reviewed in the context of the complaint's allegations and (b) Plaintiff alleges that he chose the cold cell rather than be placed in a cell with a known dangerous homosexual.

taken from various Defendants' responses to Plaintiff's grievances that are quoted in his amended complaint.  Plaintiff alleges he did not have adequate clothing or blankets, that the cell was so cold that it aggravated his arthritis, and that movants were deliberately indifferent to these conditions and the pain they caused.

Based on Plaintiff's allegations about the cold cell, and the liberal construction to which they are entitled, see **White v. Kautzky**, 494 F.3d 677, 680 n.1 (8th Cir. 2007), he has stated an Eighth Amendment claim against movants.

"To show deliberate indifference, [P]laintiff[] must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." **Gordon ex rel. Gordon v. Frank**, 454 F.3d 858, 862 (8th Cir. 2006) (alterations added). Plaintiff alleges that Clinton knew of a serious medical need and disregarded it.  This allegation is also sufficient to state a claim.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED** as to the claims against Christy Clinton, C. Dowdy, Steve Long, and Troy Steele in their official capacities and is **DENIED** in all other respects.  [Doc. 14]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of March, 2008.